## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARLENE MINZEL, and RUSSELL MINZEL, | |
| Plaintiffs, | 8:20CV13 |
| vs. | MEMORANDUM AND ORDER |
| ETHICON, INC., and JOHNSON & JOHNSON, | |
| Defendants. | |

This matter is before the Court on the Motion for Summary Judgment on Statute of Limitations, ECF No. 93, filed by Defendants Ethicon, Inc., and Johnson & Johnson. For the reasons stated below, Defendants' Motion will be granted.

## BACKGROUND

Unless otherwise indicated, the following facts are those stated in the parties' briefs,[1] supported by pinpoint citations to admissible evidence in the record, in compliance with NECivR 56.1[2] and Federal Rule of Civil Procedure 56.

---

[1] Defendants note that Plaintiffs' brief in opposition to Defendants' Motion for Summary Judgment was untimely. Defendants' Motion was filed on April 3, 2020. ECF No. 93. Pursuant to NECivR 7.1(b)(1)(B) Plaintiffs had 21 days to file a brief in opposition. Plaintiffs' brief was not filed until April 27, 2020. ECF No. 99. While Plaintiffs' brief was untimely, the Court has considered it.

[2] *See* NECivR 56.1(b)(1):

The party opposing a summary judgment motion should include in its brief a concise response to the moving party's statement of material facts. Each material fact in the response must be set forth in a separate numbered paragraph, must include pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other material upon which the opposing party relies, and, if applicable, must state the number of the paragraph in the movant's statement of material facts that is disputed. Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response.

1

On April 29, 2005, Dr. Chris Johng performed an implant of a TVT-Oturator mesh device (TVT-O) for Plaintiff Carlene Minzel (Minzel) to treat stress urinary incontinence. On June 7, 2005, Minzel had a second procedure to re-close the surgical incision due to lack of healing. On July 15, 2005, she had a third surgery to address exposed mesh in the vagina. Her incontinence worsened after the July 2005 surgery. On August 9, 2005, Dr. Johng found that Minzel's tissue had completely healed, and he advised her that she could resume engaging in intercourse. She attempted intercourse that night, but her initial attempt and each attempt thereafter was painful for her.

In 2011, Minzel saw a commercial about transvaginal mesh litigation and she was alerted, for the first time, that her continued incontinence and pain with intercourse might have been caused by the mesh device. On April 18, 2013, Minzel and her husband Plaintiff Russell Minzel filed their Complaint. On April 3, 2020, Defendants filed a Motion for Summary Judgment on Statute of Limitations, ECF No. 93, seeking dismissal of Plaintiffs' claims.

## STANDARD OF REVIEW

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c)). "Summary judgment is not disfavored and is designed for every action." *Briscoe v. Cty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc)). In reviewing a motion for summary judgment, the Court will view "the record in the light most favorable to the

nonmoving party . . . drawing all reasonable inferences in that party's favor." *Whitney v. Guys, Inc.*, 826 F.3d 1074, 1076 (8th Cir. 2016) (citing *Hitt v. Harsco Corp.*, 356 F.3d 920, 923–24 (8th Cir. 2004)). Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Se. Mo. Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 618 (8th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The moving party need not produce evidence showing "the absence of a genuine issue of material fact." *Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517 (8th Cir. 2015) (quoting *Celotex*, 477 U.S. at 325). Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 596 (8th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).

In response to the moving party's showing, the nonmoving party's burden is to produce "specific facts sufficient to raise a genuine issue for trial." *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016) (quoting *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Wagner v. Gallup, Inc.*, 788 F.3d 877, 882 (8th Cir. 2015) (quoting *Torgerson*, 643 F.3d at 1042). "[T]here must be more than the mere existence of some alleged factual dispute" between the parties in order to overcome summary judgment. *Dick v. Dickinson State Univ.*, 826

F.3d 1054, 1061 (8th Cir. 2016) (quoting *Vacca v. Viacom Broad. of Mo., Inc.*, 875 F.2d 1337, 1339 (8th Cir. 1989)).

In other words, in deciding "a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Wagner*, 788 F.3d at 882 (quoting *Torgerson*, 643 F.3d at 1042). Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," there is no "genuine issue of material fact" for trial and summary judgment is appropriate. *Whitney*, 826 F.3d at 1076 (quoting *Grage v. N. States Power Co.-Minn.*, 813 F.3d 1051, 1052 (8th Cir. 2015)).

## DISCUSSION

The parties agree the Nebraska statute of limitations for product liability actions, Neb. Rev. Stat. § 25-224, governs Plaintiffs' claims. Under Neb. Rev. Stat. § 25-224, product liability actions, other than asbestos-related suits, "shall be commenced within four years next after the date on which the death, injury, or damage complained of occurs."

"Nebraska applies an equitable tolling doctrine referred to as the discovery rule in certain categories of cases where 'the injury is not obvious and the individual is wholly unaware that he or she has suffered an injury or damage.'" *Kraft v. St. John Lutheran Church,* 414 F.3d 943, 946 (8th Cir. 2005) (quoting *Shlien v. Bd. of Regents of the Univ. of Neb.,* 640 N.W.2d 643, 650 (Neb. 2002)). In explaining the discovery rule, the Nebraska Supreme Court has stated that:

> [t]he mischief which statutes of limitations are intended to remedy is the general inconvenience resulting from delay in the assertion of a legal right which it is practicable to assert. . . . The statutes of limitations are enacted upon the presumption that one having a well-founded claim will not delay

4

> enforcing it beyond a reasonable time if he [or she] has the right to proceed. The basis of the presumption is gone whenever the ability to resort to the courts is taken away. . . If an injured party is wholly unaware of the nature of his [or her] injury or the cause of it, it is difficult to see how he [or she] may be charged with lack of diligence or sleeping on his [or her] rights.

*Alston v. Hormel Foods Corp.*, 730 N.W.2d 376, 385 (Neb. 2007) (internal quotations and citation omitted). "[T]he beneficence of the discovery rule is not bestowed on a potential plaintiff where the potential plaintiff in fact discovers, or in the exercise of reasonable diligence should have discovered, the injury within the initial period of limitations running from the wrongful act or omission." *Shlien*, 640 N.W.2d at 650.

The Nebraska Supreme Court has "determined that the discovery rule is applicable to the statute of limitations found in § 25–224(1)." *Farber v. Lok-N-Logs, Inc.*, 701 N.W.2d 368, 378 (Neb. 2005) (citing *Condon v. A.H. Robins Co.,* 349 N.W.2d 622 (Neb. 1984)). "[A] products liability action under § 25–224 begins to run on the date which the party possessing the cause of action discovers, or in the exercise of reasonable diligence should have discovered, the existence of the injury or damage, not the cause of such injury or damage . . . ." *Thomas v. Countryside of Hastings, Inc.*, 524 N.W.2d 311, 314 (Neb. 1994). Discovery under § 25–224(1) does not require that "someone advises an individual either that the injury or damage which they already know they have sustained is actionable or advises them who it is that should be sued." *Condon*, 349 N.W.2d at 627. Similarly, discovery does not require that one knows he or she has a legal right to seek redress in the courts. *Id.* "It is not necessary that a plaintiff have knowledge of the exact nature or source of the problem, but only that a problem exists." *Reinke Mfg. Co. v. Hayes*, 590 N.W.2d 380, 390 (Neb. 1999).

Defendants argue Minzel knew she was injured in 2005, so the statute of limitations is not tolled by the discovery rule even if she did not attribute her injuries to the mesh until 2011. Plaintiffs argue their complaint was timely because Minzel did not understand her injuries to be permanent before she saw the commercial, and because she "had no reason to believe that her complications were due to a problem with her mesh device, and she could not have reasonably discovered that she was injured by Defendants' defective TVT-O device until she saw a commercial about transvaginal mesh litigation in 2011." Pl. Br., ECF No. 99, Page ID 431, 434.

"A limitation period may begin to run even though the nature and extent of the damages are not known." *Reinke*, 590 N.W.2d at 390; *Stevenson v. Bd. of Regents, Univ. of Nebraska*, No. A-90-1077, 1992 WL 252727, at *4 (Neb. Ct. App. Oct. 6, 1992) ("The fact that Stevenson claims that he was unaware of the extent of the injury, *i.e.*, permanent brain damage, does not change the accrual date of his cause of action."). Thus, the fact Minzel did not understand her injuries to be permanent did not toll the statute of limitations.

The Eighth Circuit has stated that "[d]iscovery of the act or omission occurs when the party knows of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of facts constituting the basis of the cause of action." *Kraft,* 414 F.3d at 947 (quoting *Reinke*, 590 N.W.2d at 390). This Court has applied this principle in the context of product liability. *See Kammerer v. Wyeth*, No. 8:04CV196, 2011 WL 5237754, at *6 (D. Neb. Nov. 1, 2011) (quoting *Kraft*). To receive the benefit of a tolling of the statute of limitations through the discovery rule, Minzel must demonstrate, at a minimum, that she did not know—and could not have been

6

expected to know through reasonable diligence—that her condition was an injury or damage with an external cause. *See King v. Pfizer, Inc.*, No. 8:13CV290, 2016 WL 7469749, at *4 (D. Neb. Aug. 19, 2016) ("a genuine issue of material fact remains as to when [plaintiff] knew, or with reasonable diligence should have known, that her condition was an 'injury' or 'damage' with an external cause").

Minzel testified that the reason she did not return to Dr. Johng's office or talk with him about her alleged injuries after August 2005 was because she thought he "screwed up" or "did something wrong." *See* Minzel Depo., ECF No. 100-3, Page ID 466-68; Johng Depo., ECF No. 100-2, Page ID 459. It is clear that Minzel knew or should have known her injuries had an external cause by, at the latest, August 2005.

It is Plaintiffs' burden to demonstrate some genuine issue of material fact as to whether they failed to discover, and in the exercise of reasonable diligence should not have been expected to discover, the existence of the injury or damage within the limitations period. *Chafin v. Wisconsin Province of Soc'y of Jesus*, 917 N.W.2d 821, 824 (Neb. 2018) ("If the complaint on its face shows that the cause of action is time barred, the plaintiff must allege facts to avoid the bar of the statute of limitations and, at trial, has the burden to prove those facts."); *Duffy v. Father Flanagan's Boys' Home*, No. 8:03CV31, 2006 WL 208832, at *4 (D. Neb. Jan. 26, 2006) ("[Plaintiff] has the burden of establishing that there was some reason he did not, and could not with reasonable diligence, remember or "discover" the alleged sexual abuse prior to July 18, 1987.").

Minzel recognized her injury in 2005, and Plaintiffs have presented no evidence that she pursued any investigation to determine the source of the injury until 2011. There is also no evidence that she could not have discovered the cause of her injury within the

limitations period if she had acted with reasonable diligence.  Thus, Plaintiffs have not met their burden of demonstrating a genuine issue of material fact as to the application of the statute of limitations, and their claims are barred.

Accordingly,

IT IS ORDERED:

1.  The Motion for Summary Judgment on Statute of Limitations, ECF No. 93, filed by Defendants Ethicon, Inc., and Johnson & Johnson is granted;

2.  The above-captioned action is dismissed, with prejudice;

3.  All other pending motions are denied, as moot;

4.  The parties will bear their own costs and attorney fees; and

5.  A separate judgment will be entered.

Dated this 12th day of June 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge

8